```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CLINT PELLEGRIN, ET AL        *        CIVIL ACTION

VERSUS                        *        NO: 09-6727

ALLSTATE INSURANCE COMPANY    *        SECTION: "D"(3)
```

**ORDER AND REASONS**

Before the court is the **"Motion for Summary Judgment" (Doc. No. 16)** filed by Defendant, Allstate Insurance Company. Plaintiffs, Clint and Holly Pellegrin, oppose the motion. The motion, set for hearing on Wednesday, December 15, 2011, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

In this matter, Plaintiffs filed suit against Allstate, their homeowners' insurer, for damages allegedly suffered as a result of Hurricane Gustav.[1] In its instant Motion for Summary Judgment, Allstate moves for dismissal of Plaintiffs' claims based on a purported "Act of Assignment of Insurance Proceeds" that Plaintiffs

---

[1] Plaintiffs claim they sustained property damages as well as personal injury, allegedly caused when Plaintiff Clint Pellegrin fell through the roof after Allstate's adjuster insisted that he tarp the roof.

allegedly executed before witnesses and a notary public, transferring to "All In One Exteriors, LLC," the right to collect from Allstate the proceeds from the subject Allstate policy in consideration of All In One's expertise and agreement to repair Plaintiffs' property.  (*See* "Act of Assignment of Insurance Proceeds," Doc. No. 16-4 at pp. 2-4; *see also* Affidavit of Sharon Toups (Notary), Doc. No. 16-5).  The Act of Assignment also gave All In One the "sole right to file suit" against Allstate for payment under the policy, including requests for penalties and attorneys' fees for bad faith handling.  (Doc. No. 16-4 at p. 3 of 4).[2]

As indicated on the purported Act of Assignment and verified by Notary Toups, the Act of Assignment was signed by Plaintiffs (Homeowners) and Keefe Hurwitz, a Member of All in One Exteriors, LLC.  (*Id*).   However, the Act of Assignment was not signed by Allstate, and indeed, the subject policy provides that "Assignment

---

[2]    Allstate argues that Plaintiffs' claims, although denied by Allstate, must be brought by All In One, as the real party in interest. (Doc. No. 16-1 at p. 3).  Allstate further states:

> in July 2009 the trial of this matter was continued and reset ... for the stated purpose of having All In One deposed and brought into this litigation so any dispute between Plaintiffs and All in One could be resolved by t his court. (Doc. 7 and 8). To date, Plaintiffs have failed to depose All In One or make it, a party defendant in this mater. (*sic*).  Therefore, Allstate has waited sufficiently for Plaintiffs to take discovery and to amend [] their action on this issue.  In light of the Assignment, Allstate's motion should be considered at this time and granted by this Court.

*Id.*

of this policy shall not be valid except with the written consent of Allstate." (*See* Allstate Policy, Doc. No. 27-1 at Bates Stamp Page No. 0231).[3]

In opposing Allstate's Motion for Summary Judgment, Plaintiffs attach excerpts from the deposition testimony of Plaintiff, Holly Pellegrin, who testifies that Plaintiffs signed a document before the Notary to allow All in One to speak to Allstate, but Plaintiffs did <u>not</u> sign the "Act of Assignment of Insurance Proceeds" which forms the basis of Allstate's Motion for Summary Judgment. (*See* Deposition of Holly Pellegrin, Doc. No. 18-3).

Accordingly;

**IT IS ORDERED** that Allstate's **"Motion for Summary Judgment" (Doc. No. 16)** be and is hereby **DENIED**, because there are genuine issues of material fact as to whether or not Plaintiffs actually executed the subject "Act of Assignment of Insurance Proceeds." Contrary to Allstate's argument, the issue at this summary judgment stage is not whether or not Plaintiffs failed to understand what they were signing.

At this juncture, the court does not reach the following issues:

---

[3]   Allstate submits that it is "*not* attempting to enforce an anti-assignment clause, and has not even invoked such a provision." (*See* Allstate's Objection to Plaintiffs' Supp. Memo., Doc. No. 29 at p. 2).

3

(1) whether or not the subject assignment encompasses Plaintiffs' claim that they suffered personal injuries when an Allstate adjuster insisted that their policy claim would not be honored unless they put a tarp on their roof;

(2) whether or not the subject assignment, *if executed by Plaintiffs*, is valid when the policy contains an anti-assignment clause and Allstate did not consent to th subject assignment. *See In re Katrina Canal Breaches Litigation,* 613 F.3d 504 (5th Cir. July 28, 2010)(certifying to the Louisiana Supreme Court the following question: "does an anti-assignment clause in a homeowner's policy, which by its plain terms purports to bar any assignment of the policy or an interest therein without the insurer's consent, bar an insured's post-loss assignment of the insured's claims under the policy when such an assignment transfers contractual obligations, not just the right to money due"); and

(3) whether or not Allstate is entitled to summary judgment dismissal of Plaintiffs' bad faith claims.

New Orleans, Louisiana, this **5th** day of **January**, **2011**.

```
                         _____
                                 A.J. McNAMARA
                          UNITED STATES DISTRICT JUDGE
```